personal property left by the testator, as it has no essential bearing upon the question presented for consideration.

The judgment should be reversed, and a new trial granted; costs to abide the final award of costs. All concur.

SUHRADA v. THIRD AVE. R. CO.

(Supreme Court, Appellate Division, First Department. February 19, 1897.)

NEW TRIAL—VERDICT AGAINST WEIGHT OF EVIDENCE.

The granting of a new trial to defendant on the ground that the verdict was against the weight of evidence should not be disturbed, the question being whether plaintiff was injured by trying to board the defendant's car while it was in motion, or whether he attempted to get on, and suddenly started up, and the testimony of plaintiff and that of his one witness, who was somewhat contradicted and discredited by his own cross-examination, being contradicted by facts testified to positively by five witnesses, four of whom were entirely disinterested. Williams and Patterson, JJ., dissenting.

Appeal from trial term, New York county.

Action by Anton Suhrada against the Third Avenue Railroad Company. From an order granting a motion for new trial, on the ground that the verdict for plaintiff was against the weight of evidence, plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, WILLIAMS, and PATTERSON, JJ.

S. B. Stiles, for appellant.
William N. Cohen, for respondent.

RUMSEY, J. The plaintiff was injured while attempting to board a car on the defendant's railroad, in August, 1894. The question presented upon the trial was whether the car had stopped when the plaintiff attempted to get on board of it, and he was injured by the sudden starting of it before he was able to get his footing upon the car, or whether he attempted to board the car while it was in motion, and was thrown down, and hurt. The question was submitted to the jury by the trial judge, with appropriate instructions, and by them a verdict for the plaintiff was returned. On the coming in of that verdict, upon motion of the defendant, the trial judge set it aside, because it was against the weight of evidence, and from his order this appeal is taken.

The only question, of course, brought up for review upon such an appeal, is whether, upon the whole case, it has been made to appear by the appellant here that the trial judge erred in setting aside the verdict. In deciding that question the appellate court labors under peculiar disadvantages. It goes without saying that after the evidence has been reduced to narrative form, as required by the rules, the testimony thus edited by the appellant's attorney in the first place, and revised by the respondent's attorney after him, while it may in a general way present the facts as they were sworn to by the witnesses, fails entirely to reproduce any

other of the incidents which accompany the giving of testimony, and are so essential to enable one hearing it to conclude whether the witness is speaking the truth or not. Upon paper, and especially when reduced to a narrative form, the testimony of one witness is just as good as the testimony of another, but upon the trial, as all know, this is far different. The testimony there given has not undergone any process of expurgation. The trial judge and the jury hear it from the mouth of the witness. They see the witness as he gives it. They notice the manner in which he answers the question, his intelligence, the interest which he shows in the result of the case, the emphasis which he gives to the answer that he makes, his way of testifying, whether he is a swift witness, or whether he carefully testifies only to those things which he himself has observed. All these things, which are apparent as the testimony of the witness is given, and constitute what has often been called the "atmosphere of the trial," are essential, if not infallible, aids to enable one hearing the testimony to conclude where the truth lies. But, when the case is presented to the appellate court, all that is changed. All this atmosphere has been removed, and the court is compelled to examine the case solely upon the printed testimony, which has been reduced to a narrative form, and in which the assertion of one witness is precisely as forcible as the assertion of another one. This manifest imperfection of the printed case has led to the adoption of the rule that, in the determination of appeals from orders of this kind, great, if not conclusive, weight must be given to the decision of the trial judge, who alone has had the benefit of all those criteria which enable one to judge of the truthfulness of the witnesses who have been sworn before him. So much weight, indeed, is given to his conclusion, that it has more than once been said in appeals of this kind that the appellate court has followed the decision of the trial judge largely on account of the deference which is due to his conclusion based upon all the testimony, heard under the advantages which have been enumerated above, and in more than one case the decision of the appeal has turned upon that point.

In the examination of this case, laboring, as we do, under the disadvantages that we have spoken of, we are, nevertheless, able to see that there was a grave preponderance of evidence on behalf of the defendant upon the issue which was presented to the jury. It is quite true that there was a conflict of evidence, but that fact does not necessarily forbid the setting aside of the verdict as against the weight of evidence. If there is no evidence upon which the case can be sent to the jury, it is the duty of the court to nonsuit or direct a verdict. So, if there is no evidence in the case on one side or the other, the question whether the verdict is against the weight of evidence can never arise. That question can only arise when the evidence is in some sort conflicting, and, although there may be conflict enough to warrant the court in sending the case to the jury, yet it does not follow, even in that case, that the court may not set aside the verdict if it is against what the court believes to be the grave preponderance of the proof. Mulligan

v. Railroad Co. (Sup.) 11 N. Y. Supp. 452. Even if there is a con-
flict of testimony, the preponderance upon one side or the other
may be so very great that the court, although the case should have
been sent to the jury in the first instance, would be justified in set-
ting aside the verdict, and ordering a new trial, if justice seemed
to require it. Where that has been done, as in this case,—and
it can be seen that the great preponderance of evidence is opposed
to the verdict which the jury rendered,—the appellate court must
necessarily give weight to the presumption that the order was cor-
rect, which always exists upon an appeal from every decision of
every court. Especially must that presumption be considered in
cases of this kind, for the reasons which we have already stated
in this opinion.

It is quite true that the court is not always bound to follow the
conclusion reached by the trial judge, and cases are cited to us
upon this appeal, in which, although the trial judge had set aside
the verdict, his order was reversed by this court. With regard
to those cases it may be said that, upon an appeal from an order
of this kind, every case must stand upon its own peculiar facts;
and, except as far as the opinion lays down some general principle,
the decision in one case can never be used as a decision in another
case, where the facts and the circumstances are entirely different.
This rule is illustrated with especial strength by the case of Lay-
man v. John Anderson & Co., 4 App. Div. 124, 38 N. Y. Supp. 883,
where this court set aside the order of the trial judge granting a
new trial, upon the ground that it was against the weight of evi-
dence. In that case the burden of proof was upon the defendant
to establish the defense which alone would free him from his lia-
bility to the plaintiff. The plaintiff's case was proved by a writ-
ing, the execution of which was admitted, and the construction of
which was not in dispute. The defendant could only succeed by
establishing practically that, at the time that writing was given,
another and contemporaneous oral agreement had been entered
into, which substantially changed the rights of the parties as they
appeared in the agreement, evidenced by the written paper. The
testimony offered by the defendant upon that point was contro-
verted by the plaintiff, and was discredited somewhat by the acts
of the witnesses who testified on behalf of the plaintiff, and by let-
ters written by the plaintiff's officials. All these things appeared
affirmatively in the printed case upon which the appeal was taken,
and therefore the court felt at liberty to disregard the judgment
of the trial court, and reverse its order granting a new trial. In
this case the circumstances are entirely different. The burden of
proof is upon the plaintiff. To sustain it, he gives his own testi-
mony and that of one other witness, who is, to say the least, some-
what contradicted and discredited by his own cross-examination.
On the other hand is presented the testimony of five witnesses,
four of whom, at least, are entirely disinterested, all of whom had
an opportunity to see the occurrence which is the subject of exam-
ination, and every one of them testifies positively to facts which
contradict the testimony of the plaintiff's witnesses. Upon such a

state of affairs, it is quite clear that a case is presented where great weight should be given to the conclusion of the trial judge, who saw the witnesses, and had the benefit of listening to their oral examination.

For these reasons, we agree with the conclusion of the trial judge that justice is more likely to be attained by setting aside this verdict, and directing a new trial before another jury, where this question can be examined over again.

VAN BRUNT, P. J., and BARRETT, J., concur. WILLIAMS and PATTERSON, JJ., dissent.